**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**John Ronald HUFSTETLER, Defendant-Appellant.**

**No. 73-2927**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 3, 1974.

Joseph Abraham, Jr., Anthony C. Aguilar, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

This marijuana apprehension occurred at a permanent border patrol checkpoint situated on Interstate Highway 10, approximately three miles west of Sierra Blanca, Texas.[1] The appre-

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Sierra Blanca is approximately fifteen miles north of the Mexican border and about seventy-five miles southeast of El Paso.

hension occurred on March 16, 1973. On June 21, 1973, the Supreme Court decided Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. *Almeida-Sanchez* is to be given only prospective application, U. S. v. Miller, 5 Cir., 1974, 492 F.2d 37.

We find the facts and circumstances of this appeal, in which the District Court declined to suppress the evidence, to fall clearly within our decision in U. S. v. Merla, 5 Cir., 1974, 493 F.2d 910. In that case, the denial of a motion to suppress was affirmed. The same result necessarily follows here.[2]

Affirmed.

---

There is no road directly connecting Sierra Blanca with the Mexican boundary, but this was a permanent checkpoint.

2. Appellant filed a motion to strike certain portions of the government's brief, correctly asserting that it contained statements of fact not presented or heard in the court be-

low when considering the motion to suppress. The objectionable material played no part in our decision of this case.