**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald Gage McGLYNN, Defendant-Appellant.**

**No. 73-2894.**

United States Court of Appeals, Fifth Circuit.

July 17, 1974.

Joseph S. Chagra, Lee A. Chagra, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

On May 24, 1973, the grand jury for the Western District of Texas indicted Ronald Gage McGlynn for the unlawful possession of 87 pounds of marihuana. Upon trial to the court without a jury, he was convicted and sentenced as a young adult offender, 18 U.S.C., § 5010(b); 18 U.S.C., § 5017(c).

This appeal was argued in New Orleans on December 13, 1973. The Court was then of the view, and so stated from the Bench, that apparently the only appropriate disposition of the appeal would be to remand for further proceedings consistently with the decision of the Supreme Court, June 21, 1973, in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. Prior to the entry of any order to that effect, however, this Court held on April 8, 1974, that *Almeida* is to apply only to searches conducted after the date it was

rendered, United States v. Miller, 5 Cir., 1974, 492 F.2d 37. The apprehension in this case, and the search which produced it, occurred April 27, 1973.

The sole issue in the appeal is whether the District Court erred in denying the motion to suppress the evidence obtained in the search. The United States Border Patrol was checking traffic at a permanent checkpoint on Interstate 10, between Sierre Blanca and El Paso. As the McGlynn automobile approached it was seen to have a tire in the back seat. This aroused the possibility that it had been removed from the trunk to make more room. McGlynn was asked to open the trunk and the officer smelled marihuana. Whereupon, the automobile was pulled out of the traffic lane and the trunk was searched. On the motion to suppress the Border Patrol officer testified that he opened the trunk in the first place "to search for aliens in the trunk".

Since Almeida-Sanchez, *supra*, is not to be applied to searches conducted prior to June 21, 1973, this case, like so many others, falls within our decision in United States v. Merla, 5 Cir., 1974, 493 F.2d 910. See, also, United States v. Hufstetler, 5 Cir., 1974, 496 F.2d 1184.

Affirmed.