**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jacqueline Simmons GREENE,
Defendant-Appellant.**

No. 73-2286.

United States Court of Appeals,
Fifth Circuit.

July 17, 1974.

Lee A. Chagra, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Edward Marquez, Ronald F. Ederer, Asst. U. S. Attys., El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and GEE, Circuit Judges.

PER CURIAM:

On March 8, 1973, the grand jury for the Western District of Texas indicted Jacqueline Simmons Greene for the unlawful possession of 140 pounds of marihuana. Upon trial to the court without a jury, she was convicted and sentenced to five years imprisonment, eligible for parole under 18 U.S.C., § 4208(a)(2) and a special parole term of five years.

This appeal was argued in New Orleans on December 13, 1973. The Court was then of the view, and so stated from the Bench, that apparently the only appropriate disposition of the appeal would be to remand for further proceedings consistently with the decision of the Supreme Court, June 21, 1973, in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. Prior to the entry of any order to that effect, however, this Court held on April 8, 1974, that *Almeida* is to apply only to searches conducted after the date it was rendered, United States v. Miller, 5 Cir., 1974, 492 F.2d 37. The apprehension in this case occurred September 24, 1972.

The sole issue in this appeal is whether the District Court erred in denying the motion to suppress the evidence obtained in the search which produced the illegal substance.

This case, however, is not like United States v. McGlynn, 5 Cir., 496 F.2d 1316, which we heard on the same date as this appeal and which we have this day decided. This search occurred near Kent, Texas, on Interstate Highway 10. The record fails to show whether it occurred at a permanent Border Patrol check point or at a functional equivalent of the border. It shows no probable cause for a stop and search for aliens, or for any other lawful purpose.

This brings into play such cases as United States v. Byrd, 5 Cir., 1973, 483 F.2d 1196, reversal reaffirmed under pre-*Almeida* standards, United States v. Byrd, 5 Cir., 1974, 494 F.2d 1284.

In the undeveloped, exceedingly sparse state of this record, we vacate the judgment of conviction and remand this case to the District Court for a complete development of the facts and circumstances surrounding this stop and search and for a determination of its validity within the perimeters of the applicable law.

Vacated and remanded.