UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack M. DIXON, John Thur Bylund,
and Howard C. Arnold,
Defendants-Appellants.

No. 73–3910.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1975.

Larry Victorson, El Paso, Tex. (Court-appointed), for Bylund and Dixon.

Johnny Searls, El Paso, Tex. (Court-appointed), for Dixon.

Victor Sizemore, El Paso, Tex. (Court-appointed), for Arnold.

William Session, U. S. Atty., San Antonio, Tex., Ron Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, .RONEY and GEE, Circuit Judges.

PER CURIAM:

The single issue on this appeal is the constitutionality of the 8 U.S.C.A. § 1357 search of a vehicle conducted by border agents at the permanent border checkpoint at Sierra Blanca, Texas. On the basis of our decision today in United States v. Hart, 506 F.2d 887 (5th Cir. 1975), we hold this search to be constitutional. We affirm the convictions of Jack M. Dixon, John Bylund and Howard C. Arnold for possession with intent to distribute approximately 60 pounds of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C.A. § 841(a)(1).

On September 4, 1973, at approximately 4:30 a.m., Dixon, Bylund and Arnold approached the permanent border checkpoint which is located four miles west of Sierra Blanca, Texas, on Interstate Highway 10. Border Patrol Agent Walter Mann, Jr. saw the vehicle in which they were riding stop short of the checkpoint. As Agent Mann approached the vehicle, a pickup truck with an attached camper proceeded toward the checkpoint area. Mann radioed his partner to stop the pickup.

Having checked the area in which the truck stopped for physical evidence and having found none, Mann asked Dixon, Bylund and Arnold for their names and took the license plate number of their vehicle. A telephone call for a record check produced a "kickback" on one of the men in the truck. The record does not reveal the nature of the information thus obtained.

Mann looked through the window of the camper with his flashlight and noticed what appeared to be marijuana seed. At this point, one of the three men asked Mann if he would let them go if they gave him the marijuana that they had for their personal use. A search of the vehicle produced approximately 60 pounds of marijuana.

In United States v. Hart, *supra*, we held that the decision of the Supreme Court in Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), did not alter the precedential effect of prior opinions of this Circuit upholding the validity of searches conducted pursuant to 8 U.S. C.A. § 1357 at the Sierra Blanca checkpoint. In *Hart*, border patrol agents at the Sierra Blanca checkpoint stopped defendant's vehicle, requested that defendant give his citizenship, and, as a routine matter, asked defendant to open his trunk so that the agents could search for aliens illegally in the United States. When the trunk was opened, the agents detected an oder of marijuana and discovered a quantity of the substance. We upheld the search in *Hart* as constitutional on the authority of United States v. McGlynn, 496 F.2d 1316 (5th Cir. 1974); United States v. Hufstetler, 496 F.2d 1184 (5th Cir. 1974); United States v. Merla, 493 F.2d 910 (5th Cir. 1974), and other decisions of this Court.

Since the facts of this case may have furnished more cause for search than in the *Hart* case, *a fortiori* the instant search is constitutional under our *Hart* decision.

Affirmed.