506 F.2d 742
 UNITED STATES of America, Plaintiff-Appellee,
v.
Irma RAMIREZ, Defendant-Appellant.
No. 74-3429 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970., 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 15, 1975.
 
 Horace C. Hall, III, Laredo, Tex., R. Norvell Graham, Jr., San Antonio, Tex., for defendant-appellant.
 Anthony J. P. Farris, U.S. Atty., Edward B. McDonough, Jr., James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Irma Ramirez, seeks reversal of her conviction at a bench trial for conspiracy, possession with intent to distribute, and importation of heroin. In this appeal she alleges (1) that there was no probable cause for her warrantless arrest and search, (2) that the trial court erred in not requiring production of one of the agent's memoranda for cross-examination purposes, and (3) that the evidence of guilt was insufficient to sustain her conviction. A review of the record reveals a possible lack of evidence to support the conspiracy count. The evidence was ample as to possession and importation. Under the concurrent sentence doctrine, we affirm the judgment of conviction.
 
 
 2
 On March 28, 1974, Drug Enforcement Administration Agent McCullough received a call from a confidential informant that an unknown male would be using a white over red 1968 or 1969 Buick Riviera to go south of San Antonio, either to Laredo or part of the way toward Laredo, and would be bringing back an unknown quantity of heroin. Agent McCullough and Officer Flores of the San Antonio Police testified the informant had supplied information on at least 15 prior occasions. Agent McCullough and two other Drug Enforcement Administration Agents set up surveillance south of San Antonio on Interstate 35 and observed a white over maroon Riviera occupied by a male and female, with the female driving. The vehicle was tailed into Laredo where it stopped at a Fina gas station for about one hour.
 
 
 3
 During that time the woman left the Buick and got into a brown and white Plymouth or Dodge containing another woman and a small child which proceeded over the International border bridge into Mexico. The woman was recognized by one of the officers on the scene as Irma Ramirez, common law wife of a known narcotics dealer in San Antonio. Her male companion was later identified as Louis Garcia Hernandez, Jr. The Plymouth was registered to appellant Ramirez. She stayed in Mexico visiting a residence there about fifteen to twenty minutes, and then returned to the Fina station and the Buick Riviera. With appellant driving, she and the man, taking the child with them in the Riviera, then proceeded on Interstate 35 back toward San Antonio. They were stopped at the Border Patrol checkpoint approximately eleven miles north of Laredo. The occupants were taken out of the car and questioned. During questioning Officer Flores observed appellant drop a balloonlike object from her hand and try to kick it under the car. The object was a rubber prophylactic containing brown Mexican heroin. Appellant was then arrested.
 
 
 4
 Appellant argues that the officers and agents had no probable cause to make the warrantless search and arrest based on an informer's tip that was essentially a car description. A stop and search of a moving automobile can be made without a warrant where there is probable cause. Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2002, 29 L.Ed.2d 564. A warrantless search under the Carroll line of cases must be supported by probable cause in the sense of specific knowledge about a particular automobile. Here there was such specific knowledge about the particular Buick Riviera automobile and one of the occupants of the car was recognized as the wife of a known narcotics dealer. Additionally, there was contact with the border, and that contact was known by the agents who stopped and searched appellant. Under the circumstances here, there was probable cause to stop appellant and search her.
 
 
 5
 While Agent McCullough was being questioned at the hearing on the motion to suppress, reference was made to the fact that he had prepared a memorandum or note contemporaneously with his conversation with the informer. Appellant's counsel's request to examine the memo was denied by the trial court. Under the Jencks Act, Title 18, U.S.C., 3500, disclosure of such materials is required only 'at trial'. There is no requirement for prior disclosure. Additionally here, when the evidence on the motion was stipulated into evidence at trial, the court indicated its willingness to have the memo produced but defense counsel voiced no further desire to examine the memo. Appellant has thus failed to preserve the point for appellate review.
 
 
 6
 Finally, appellant challenges the sufficiency of the evidence on the conspiracy and importation counts. Sufficiency of the evidence to support the possession count is not questioned. Because of the factual circumstances of this case, because of appellant's crossing the international border, and because of the United States Supreme Court's decision in Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, which held that heroin possession within the United States is possession of a smuggled drug, and that one who possesses heroin within the United States is charged with the knowledge that the drug was unlawfully imported, there was sufficient evidence of importation of heroin. See Glasser v. United States, 1941, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.
 
 
 7
 The appellant urges that as shown by the brief recitation of the facts hereinabove there was a fatal dearth of evidence as to the conspiracy charge, Count One. The members of the conspiracy were charged to be the appellant and Louis Garcia Hernandez, Jr., her companion on the trip to Laredo and back to the border checkpoint. His traveling with the appellant was the primary evidence connecting him with the unlawful enterprise. He did not go into Mexico, but waited in the Buick Riviera while appellant went across the border. He is not directly shown to have been aware that Mrs. Ramirez was in possession of the heroin until she dropped it from her hand and attempted to tick it under the car during questioning by Officer Flores at the border checkpoint. The argument continues that without Garcia Hernandez's participation as a co-conspirator, no conspiracy existed. We find it unnecessary to rule upon this contention. Concurrent sentences to five years confinement and special parole terms of three years were imposed as to each of Counts One, Two and Three. Inasmuch as we have determined that the appellant's convictions under Counts Two and Three for possession with intent to distribute and for importation were without error, the error with respect to the conviction under Count One, if it occurred, is harmless under the concurrent sentence doctrine. Roviaro v. United States, 1956, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; United States v. Stone, 5 Cir. 1973, 472 F.2d 909, 916, and the cases cited therein.
 
 The judgment of conviction is
 
 8
 Affirmed.