**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Aniceto CANALES, Jr.,
Defendant-Appellant.**

No. 75–2168.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1976.

Daniel V. Alfaro, Corpus Christi, Tex., for Canales.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for defendant-appellant.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

In a sparsely inhabited location about a mile from the Rio Grande Mexican border at about 8:45 on the evening of December 3, 1974, a border patrolman observed six men of apparent Mexican origin each of whom was carrying a large sack and one of whom was wearing a pistol. They disappeared into an area covered with heavy brush. The patrolman alerted another patrolman who, about two miles away and two hours later, saw a car on an infrequently traveled road leading from the area into which the sack-carriers had entered. After following the car a short distance the patrolman stopped the car. The appellant was driving. Six others, Mexicans, were also in the car. A sack of marijuana was observed through a car window. A search disclosed other marijuana in the trunk of the car. In all 193 pounds of marijuana were found.

The appellant Canales and five others were indicted. He moved to suppress the marijuana on the ground that the search of the car without a warrant was illegal. The district court held the search valid and denied the motion. Canales was convicted of possessing the marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1), and of conspiring to possess the marijuana with intent to distribute in violation of 21 U.S.C.A. §§ 846 and 841(a)(1). Canales has appealed, asserting error in the denial of his motion to suppress and that the evidence does not support the conviction on the conspiracy count.

The district court's determination that the facts were sufficient to give the border patrol reasonable suspicion to stop the car is not erroneous, and since the stop was lawful and a portion of the marijuana was in plain view, the search was proper. *United States v. Dixon*, 5th Cir. 1976, 506 F.2d 899 [73–3910]; *United States v. Lara*, 5th Cir. 1975, 517 F.2d 209.

The challenge to the sufficiency of the evidence to support the conspiracy conviction need not be considered. While it may be doubtful that the evidence was sufficient to prove the conspiracy with which Canales was charged,

442

the sentence for that offense was to run concurrently with the sentence for possession and any error as to the conspiracy conviction was harmless. *United States v. Ramirez*, 5th Cir. 1975, 506 F.2d 742; *United States v. Strickland*, 5th Cir. 1975, 509 F.2d 273.

The judgment of the district court is affirmed.