UNITED STATES of America, Plaintiff-Appellee,

v.

Ruben Garza LARA, Defendant-Appellant.

No. 75–1850
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 8, 1975.

---

7. See J. I. Rodale, The Synonym Finder (Rodale Books, Inc., ed. 1965).

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Ruben Garza Lara appeals from a judgment of conviction of possessing 1,052 pounds of marihuana, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm, but for reasons other than those stated by the district court.

On October 7, 1974, Border Patrol Agents Alvin Carter and Douglas Thornton were patrolling the Rio Grande River area one-quarter of a mile south of La-Grulla, Texas, approximately one and three-quarters of a mile from the river forming the international border between Mexico and the United States. At approximately 10:15 p. m. the agents noticed a pickup truck with a camper shell coming from the direction of the river on a gravel road in a sparsely populated area. The vehicle was riding low and appeared to be heavily loaded. The agents stopped the truck, approached Lara, its driver and sole occupant, and identified themselves as Immigration Officers. While Agent Carter was talking with Lara, Agent Thornton with the use of a flashlight saw through the window of the camper what appeared to be large bags characteristic of the way marihuana is packaged. Thornton opened the door of the camper and observed that the vehicle was loaded with marihuana. Lara was advised of his rights and arrested.

Lara contends on appeal that the search was illegal because of the absence of probable cause.

The district judge who tried the case without a jury denied defendant's motion to suppress and found him guilty of the charge. The trial judge concluded that searches carried out by Border Patrol Agents in areas contiguous to the Rio Grande may be had on reasonable suspicion alone, and that Agent Carter had sufficient reasonable suspicion to stop and search because of the heavily loaded truck being driven by defendant, coming from the direction of the Rio Grande River under the cover of night, in an area inhabited by very few people.

■■■ As a result of United States v. Brignoni-Ponce, —— U.S. ——, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) it is now clear that reasonable suspicion no longer satisfies the requirements for a valid

warrantless search by roving Border Patrol Agents even in an area near the international border; however stopping a vehicle and brief interrogation of the occupants, based on reasonable suspicion, is not violative of Fourth Amendment constitutional rights. *Brignoni-Ponce* circumscribed the authority of Border Patrol Agents by saying:

> [B]ecause of the importance of the governmental interest at stake, the minimal intrusion of a brief stop, and the absence of practical alternatives for policing the border, we hold that when an officer's observations lead him reasonably to suspect that a particular vehicle may contain aliens who are illegally in the country, he may stop the car briefly and investigate the circumstances that provoke suspicion. As in *Terry*,[1] the stop and inquiry must be 'reasonably related in scope to the justification for their initiation.' 392 U.S., at 29, 88 S.Ct., at 1884. The officer may question the driver and passengers about their citizenship and immigration status, and he may ask them to explain suspicious circumstances, but any further detention or search must be based on consent or probable cause.

We are unwilling to let the Border Patrol dispense entirely with the requirement that officers must have a reasonable suspicion to justify roving-patrol stops.

—— U.S. at ——, 95 S.Ct. at 2580. In *Brignoni-Ponce* the Court pointed out that the officers relied "on a single factor to justify stopping respondent's car: the apparent Mexican ancestry of the occupants" which the Court concluded did not furnish reasonable grounds to believe that the occupants were aliens. —— U.S. at ——, 95 S.Ct. at 2582. However, the Court further said that various factors may be taken into account in determining whether there is reasonable suspicion to stop a car in the border area, and cited as examples, among others, that officers may consider the characteristics of the area, its proximity to the border, the usual patterns of traffic on the particular road and the fact that the vehicle may appear to be heavily loaded. In the present case the factors relied on by the Border Patrol Agents, and held by the district court to afford reasonable suspicion for a search, are the factors cited as illustrative by the Supreme Court in *Brignoni-Ponce* to support a stop. Thus the stop was lawful, since it was based on reasonable suspicion. Once the vehicle was stopped, the contraband was in plain view furnishing probable cause for the subsequent search. *See* United States v. Cantu, 5 Cir., 1974, 504 F.2d 387; United States v. Santana, 2 Cir., 1973, 485 F.2d 365; United States v. Hernandez, 7 Cir., 1973, 486 F.2d 614. The fact that the contents of the vehicle may not have been visible without the use of a searchlight does not preclude such observation from application of the plain-view doctrine. Marshall v. United States, 5 Cir., 1970, 422 F.2d 185; United States v. Johnson, 8 Cir., 1974, 506 F.2d 674; and under the plain-view doctrine the restrictions of the Fourth Amendment are not applicable. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).

Affirmed.

---

1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).