**UNITED STATES of America,**
**Plaintiff-Appellee,**
**v.**

**Jose Rodriguez SANTIBANEZ,**
**Defendant-Appellant.**

**No. 74–3382**
**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Aug. 11, 1975.

Rehearing and Rehearing En Banc Denied Sept. 23, 1975.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Santibanez was stopped for an immigration check at the La Gloria checkpoint. While interrogating Santibanez concerning his citizenship the immigration officer smelled the odor of marijuana coming from the interior of the vehicle. His assistant thereupon opened the rear door of the station wagon and found 240 pounds of marijuana. Santibanez moved to suppress this evidence. The motion was denied. Santibanez was found guilty of possession of marijuana with the intent to distribute. He appeals, contending that the search and seizure were illegal. We affirm.

■ We find no constitutional dereliction in stopping vehicles at this permanent checkpoint for the purpose of determining the occupant's citizenship. Such a stop is considerably less intrusive than a search, Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. *Cf.* United States v. Ortiz, 422 U.S. ——, 95 S.Ct. 2585, 45 L.Ed.2d 623, 43 L.W. 5026 (June 30, 1975).[1]

■ The odor of marijuana emanating from the vehicle's interior gave the immigration officer probable cause to then conduct the search. The motion to suppress the evidence was thus properly denied.

Affirmed.

1. The question here presented was expressly reserved by the Supreme Court in *Ortiz.*