**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Patrick Lowry COFFEY and Richard
Joseph Sparks,
Defendants-Appellants.**

**No. 74–2772.**

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1975.

Ward L. Koehler, El Paso, Tex., for Coffey.

Wayne Windle, Jr., El Paso, Tex., for Sparks.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald R. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States on June 30, 1975 vacated the judgment of this court in the case of *Coffey v. United States,* 509 F.2d 574 (5th Cir. 1975)[1] for further consideration

1. This case involves Patrick Lowry Coffey and Richard Joseph Sparks.

in light of *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).

We have carefully considered the decision in that case and have concluded that it does not require reversal of our judgment. In *Brignoni-Ponce* the Court held that a roving patrol stop must be supported by a reasonable suspicion that the detained vehicle contains aliens illegally in the country. The stop in that case occurred at a permanent checkpoint. However, because the checkpoint was closed due to inclement weather, and because the stop was effectuated after pursuit by officers whose car had been parked along the roadside at the checkpoint, the Court treated the stop as one by roving patrol agents rather than at a permanent traffic checkpoint.

In the case now before us the appellants' car was stopped by officers at the Sierra Blanca permanent checkpoint for a routine immigration check. When the window of the vehicle was opened, the officer detected a strong odor of marijuana. The checkpoint was not closed; the stop in no way resembled a roving patrol stop.

 We find no constitutional dereliction in stopping vehicles at this permanent checkpoint for the purpose of determining the occupants' citizenship. *United States v. Santibanez,* 517 F.2d 922 (5th Cir. 1975). Such a stop is considerably less obtrusive than a search. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Cf. United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623, 43 U.S.L.W. 5026 (June 30, 1975).[2] The odor of marijuana from the interior of appellants' vehicle gave the immigration officer probable cause to then conduct the search. The motion to suppress the evidence was properly denied.

Affirmed.

**2.** In *Ortiz* the Supreme Court expressly reserved the question of the legality of permanent checkpoint stops to question motorists

when there is no reason to believe that a particular vehicle is carrying aliens.