UNITED STATES of America, Plaintiff-Appellee,

v.

Lawrence Edward HART, Defendant-Appellant.

No. 73–3949.

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1976.

See also 5 Cir., 525 F.2d 1201.

**1200**

Johnny Searls, El Paso, Tex. (Court-appointed), Larry Victorson, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States on June 30, 1975, vacated this Court's judgment in this case for further consideration in light of *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975), and *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). We have carefully considered the opinions filed in these cases and have concluded that they do not require reversal of our judgment.

In *Brignoni-Ponce* the Supreme Court held that a roving patrol stop must be supported by a reasonable suspicion that the detained vehicle contains aliens illegally in the country. In the case now before us the defendant's car was stopped by officers at the Sierra Blanca permanent checkpoint for a routine immigration check. The border patrol agent inquired as to Hart's citizenship and requested that he open the trunk of the car. When Hart complied the agent detected the odor of marijuana and observed a white sheet covering the contents of the trunk. Approximately 397 pounds of marijuana were discovered in the car's trunk. Under these circumstances, the stop in no way resembled a roving patrol stop as in *Brignoni-Ponce*. See *United States v. Coffey*, 520 F.2d 1103 (5th Cir. 1975).

Therefore, if we are required to reverse our original decision to affirm Hart's conviction we must do so on the basis of *Ortiz*. In that case the Supreme Court held that border patrol officers at fixed checkpoints, other than those located at the border or its functional equivalent, cannot search a vehicle in the absence of probable cause or consent. The Court's reference to the concept of the functional equivalent of the border continues the use of this aphorism originally appearing in *Almeida-Sanchez v. United States*, 413 U.S. 266, 272–273, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). In our original opinion in this case we applied this concept to the particular characteristics of the Sierra Blanca checkpoint and concluded that it was a functional equivalent of the border within the meaning of *Almeida-Sanchez*. 506 F.2d 887, at 895–897. There is nothing in the Supreme Court's recent series of border search cases, particularly nothing in *Ortiz*, which causes us to doubt our original determination. Our decision that the Sierra Blanca checkpoint is the functional equivalent of the border means that the non-probable cause search in this case was a valid border search which met the Fourth Amendment requirement of reasonableness as enunciated in *Almeida-Sanchez* and *Ortiz*.

Accordingly, the judgment of the district court is again

Affirmed.