UNITED STATES of America,
Plaintiff-Appellee,

v.

Jack M. DIXON, John Thur Bylund
and Howard C. Arnold,
Defendants-Appellants.

No. 73–3910.

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1976.

Larry Victorson, El Paso, Tex. (Court-appointed), for Bylund and Dixon.

Johnny Searls, El Paso, Tex. (Court-appointed), for Dixon.

Victor K. Sizemore, El Paso, Tex. (Court-appointed), for Arnold.

William Sessions, U. S. Atty., San Antonio, Tex., Ron Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before TUTTLE, RONEY and GEE, Circuit Judges.

PER CURIAM:

As with *United States v. Hart,* 525 F.2d 1199 (5th Cir. 1976) this case was remanded to us by the United States Supreme Court for consideration in light of *United States v. Brignoni-Ponce,* 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975), and *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975). On the basis of our decision today in *Hart,* we again hold this search to be constitutional and affirm the convictions of the three defendants.

Moreover, the facts of this case provide an alternative basis for affirming the convictions. Here, after stopping the vehicle in which the defendants were traveling for the purpose of determining the occupant's citizenship, a border patrol agent looked through the vehicle's window with his flashlight and noticed what appeared to be marijuana seeds. At this point, one of the three men asked the agent if he would let them go if they gave him the marijuana they had for their personal use. A subsequent search of the vehicle produced approximately 60 pounds of marijuana.

In *United States v. Santibanez,* 517 F.2d 922 (5th Cir. 1975), this Court held that a vehicle could be stopped at a permanent checkpoint for the purpose of determining the occupant's citizenship. *Accord, United States v. Coffey,* 520 F.2d 1103 (5th Cir. 1975). This is the procedure utilized in this case. Once the vehicle was stopped, the plain view of the marijuana seeds in the car gave the border patrol officer probable cause to then conduct the search. The fact that

the agent used a flashlight to bring the marijuana into view, does not preclude such observation from application of the "plain view doctrine." *United States v. Lara,* 517 F.2d 209 (5th Cir. 1975).

Affirmed.