**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Adan Serna TORRES,**
**Defendant-Appellant.**

No. 76–2229
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1976.

Rehearing Denied Oct. 15, 1976.

See also, 5 Cir., 537 F.2d 1302.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Roberto J. Yzaguirre, McAllen, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Robert A. Berg, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

AINSWORTH, Circuit Judge:

Adan Serna Torres, appellant, was stopped for a citizenship check at the Border Patrol's permanent Falfurrias, Texas checkpoint on December 5, 1974.[1] During the citizenship inquiry the officer detected the odor of marijuana emanating from appellant's automobile. A subsequent search revealed 198 pounds of marijuana in the trunk.

Appellant's motion to suppress the marijuana was unsuccessful, and he was found guilty.

Stopping vehicles at a permanent Border Patrol checkpoint to inquire into the occupant's citizenship does not offend the Fourth Amendment. *United States v. Martinez-Fuerte,* —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d —— (1976).[2] A search at a permanent checkpoint is valid if, after stopping the vehicle, the Border Patrolman finds probable cause for the search. See *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975); *United States v. Santibanez,* 5 Cir., 1975, 517 F.2d 922. The odor of marijuana emanating from the vehicle is probable cause justifying the search. *United States v. Cantu,* 5 Cir., 1974, 504 F.2d 387.

We reject appellant's argument that he should have been permitted to conduct an in-court experiment to test the Border Patrol officer's sense of smell by using herbs and spices as well as marijuana. The district court's refusal of the experiment

---

1. See *United States v. Cantu,* 5 Cir., 1974, 504 F.2d 387. Judge Wisdom stated in *Cantu,* "Border Patrol agents operated the checkpoint as the functional equivalent of a permanent station, although the location was varied slightly from time to time to make evasion more difficult." 504 F.2d at 389. Although the trial court held this checkpoint to be the functional equivalent of the border, it is not necessary for us to consider the correctness of this finding. The checkpoint was clearly a permanent checkpoint.

2. In *Martinez-Fuerte,* the Supreme Court in discussing the three kinds of inland traffic-checking operations used to minimize illegal immigration, said: "*Permanent checkpoints,* such as those at San Clemente [California] and Sarita [Texas], *are maintained at or near intersections of important roads leading away from the border.* They operate on a coordinated basis designed to avoid circumvention by smugglers and others who transport the illegal aliens." —— U.S. at ——, 96 S.Ct. at 3080. [Emphasis supplied.] In relation to the Mexican border the towns of Sarita and Falfurrias are similarly situated. Falfurrias is located at the intersection of Texas Highway 285 and U. S. Highway 281. Highway 281 runs north and south and parallels U. S. Highway 77 to it east on which Sarita, Texas, is located. Highways 281 and 77 both intersect Texas Highway 285, which runs east and west across the southern tip of Texas. Falfurrias is closer than Sarita to both the western and southern borders of Mexico.

was justified because the conditions of the proposed experiment might differ substantially from those existing at the time the officer smelled marijuana from appellant's car. *United States v. Squella-Avendano,* 5 Cir., 1973, 478 F.2d 433.

The judgment of the district court is AFFIRMED.