**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Daniel COSIMO DIMAS,**
**Defendant-Appellant.**

**No. 76–1823**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1976.

Curtis B. Dyer (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Robert Berg, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Daniel Cosimo Dimas appeals from his conviction for possession of 285 pounds of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). We affirm.

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Appellant challenges the constitutionality of the search and seizure and further contends that he was not properly identified in court as the person charged in the indictment.

The testimony at trial established the following. At approximately 9:45 p. m. on July 16, 1973, defendant approached a border patrol checkpoint south of Falfurrias, Texas, on U. S. Highway 281. He was driving a red GTO Pontiac, drawing a horse trailer, and traveling approximately 60 miles an hour. The Border Patrol agent on duty attempted to flag down defendant, but the vehicle continued through the checkpoint, whereupon the agent got into a marked border patrol car and with lights flashing started in pursuit. Defendant pulled to the side of the highway approximately 100 yards from the checkpoint, alighted from his vehicle, and walked back toward the checkpoint. The agent drove over to the GTO and by the use of a flashlight he could see a light load of hay in the trailer in front of which were two 50-gallon barrels. The concealment of aliens beneath hay was common in the area. In an attempt to search the hay for aliens, the agent moved one of the barrels causing its lid to slip off thereby exposing bricks of marijuana.

The Falfurrias checkpoint is a permanent checkpoint. *United States v. Torres*, 5 Cir., 1975, 537 F.2d 1299 [No. 76–2229, decided this day]; *see also United States v. Cantu*, 5 Cir., 1974, 504 F.2d 387. Routine stops at permanent checkpoints do not offend the Fourth Amendment, *United States v. Martinez-Fuerte*, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d —— (1976); and a subsequent search of the vehicle stopped is justified where probable cause exists, *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975). Defendant's unusual behavior in traveling through the well-marked checkpoint at a high rate of speed, despite the warning signals and the attempts of the Border Patrol agent to stop

him, together with the agent's experience with vehicles carrying hay, furnished the requisite probable cause.

Appellant's additional contention that he was not identified as the person charged in the indictment is without merit.

AFFIRMED.