**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Grady HOWLE,
Defendant-Appellant.**

No. 76–1485

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1976.

Rehearing Denied Oct. 15, 1976.

Daniel V. Alfaro, Corpus Christi, Tex., for defendant-appellant.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

In this appeal from his conviction for possession of 119 pounds of marihuana, John Grady Howle contends only that the Border Patrol had no probable cause to stop his pickup truck at a permanent checkpoint near Falfurrias, Texas, some fifty-five miles from the Mexican border.[1] The Supreme Court has recently held, however, that any automobile may be stopped at such checkpoints even in the absence of reasonable suspicion. *United States v. Martinez-Fuerte*, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d —— (1976). Inasmuch as Howle does not contend that the Border Patrol lacked probable cause to search his truck once it had been stopped at the checkpoint, the District Judge did not err in denying appellant's motion to suppress the evidence seized. *See United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975).

AFFIRMED.

---

[1.] *See United State v. Torres*, 5 Cir., 1976, 537 F.2d 1300; *United States v. Dimas*, 5 Cir., 1976, 537 F.2d 1301.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.