UNITED STATES of America, Plaintiff-Appellee,

v.

Valentine KALIE, Defendant-Appellant.

No. 76–1318
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Daniel V. Alfaro, Albert Huerta, Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Kalie, represented by retained counsel, was convicted of one count of possession of marijuana with intent to distribute, 21 U.S.C.A. § 841(a)(1). On appeal Kalie contends that the District Court erred in denying his motion to suppress evidence that he claims was illegally seized as there was no probable cause for the stop and search of his car by the Border Patrol. On the basis of the recent Supreme Court case *Sifuentes v. United States,* 1976, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d —— (1976), we affirm his conviction.

■ Kalie was stopped at about 11 o'clock on the night of September 9, 1974, at a permanent checkpoint operated by the United States Border Patrol on Highway 281 seven miles south of Falfurrias, Texas.[1] The Agent questioned Kalie about his citizenship and while questioning him noticed marijuana debris in the back of his pickup truck. The Agent testified that the debris was scattered in the bed of the pickup and that he also noticed holes in the bed through which he could see aluminum foil.

After he noticed the debris, the Agent asked Kalie to pull to the side of the road, cut off the motor, and get out of the car. Kalie attempted to start the car and at that point the Agent took him out of the car, handcuffed him, and advised him of his rights. The pickup was searched and marijuana was found in a compartment underneath the bed of the truck.

In *Sifuentes* the Supreme Court affirmed the position of this Court that Border Patrol agents may make stops at permanent checkpoints away from the border for brief questioning of the occupants without probable cause or reasonable suspicion. —— U.S.

---

1. In *United States v. Cantu,* 5 Cir., 1974, 504 F.2d 387, this Court described the Falfurrias checkpoint as "the functional equivalent of a permanent station . . .." *Id.* at 389. Recently we have affirmed, on the basis of *Sifuentes,* convictions based on evidence discovered after a stop at the Falfurrias checkpoint. *United States v. Garza,* 5 Cir., 1976, 536 F.2d 1386 (1976); *United States v. Bryant,* 5 Cir., 1976, 537 F.2d 1141; *United States v. Dougherty,* 5 Cir., 1976, 537 F.2d 1142.

Here the District Judge took judicial notice of the location, justification, and other physical aspects of the Falfurrias checkpoint, an approach approved by this Court in *United States v. Alvarado,* 5 Cir., 1975, 519 F.2d 1133, 1135. R. at 91. There are three possible stopping points south of Falfurrias used by the Border Patrol, but on the date of Kalie's arrest only the one where he was stopped, seven miles south of Falfurrias, was in operation. Agent Standridge testified that he was working the evening shift when he stopped Kalie, he had worked at the Falfurrias checkpoint for about three and one-half years, and overhead lights were in operation. Tr. at 15–16. A more complete description of the Falfurrias checkpoint may be found in the Record at pages 70–84, a reprint of the order of July 24, 1974 entered by District Judge Owen Cox in *United States v. Sanchez-Garcia,* Cr. No. 73–C–75.

On the basis of the evidence in the Record concerning the checkpoint, we hold that Falfurrias is a fixed and permanent checkpoint within the guidelines of the Supreme Court in *United States v. Sifuentes, supra* at ——, 96 S.Ct. 3074.

at ——, 96 S.Ct. 3074.   *See United States v. Santibanez,* 5 Cir., 1975, 517 F.2d 922.[2]

■   *United States v. Ortiz,* 1975, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623, holds that a search of a vehicle at a permanent checkpoint must be based on probable cause.   The probable cause requirement has been held retroactive by this Circuit in *United States v. Martinez,* 5 Cir., 1976, 526 F.2d 954, 955.   Here the marijuana debris and portions of the foil-wrapped packages were in plain view in the bed of the truck. As we stated in *United States v. Dixon,* 5 Cir., 1976, 525 F.2d 1201, "Once the vehicle was stopped, the plain view of the marijuana seeds in the car gave the border patrol officer probable cause to then conduct the search."   *Accord, United States v. Lara,* 5 Cir., 1975, 517 F.2d 209, 211.

AFFIRMED.

**2.**   The District Judge found and the Government argues on appeal that the Falfurrias checkpoint was actually a functional equivalent of the border.   [R. at 92. Appellee's Brf. at 7.]   Because of the Supreme Court's holding in *Sifuentes* affirming the validity of stops at a permanent checkpoint, however, it is unnecessary for us to make any determination whether the Falfurrias checkpoint is also a functional equivalent of the border.   *See United States v. Calvillo,* 5 Cir., 1976, 537 F.2d 158 [1976, at 5127 & n. 3].

* Rule 18, 5 Cir.;   see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.