UNITED STATES of America, Plaintiff-Appellee,

v.

Ronald David KIDD, Defendant-Appellant.

No. 76–1582

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 12, 1976.

* Rule 18, 5th Cir.; see *Isbell Enterprises, Inc. v. Citizens Cas. Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

M. W. Meredith, Jr., Corpus Christi, Tex. (Court appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

**PER CURIAM:**

Ronald David Kidd was found guilty of possession with intent to distribute approximately 58 pounds of marijuana, 21 U.S.C. § 841(a)(1). We affirm.

Falfurrias, Texas is a fixed and permanent United States Border Patrol checkpoint, *United States v. Kalie*, 5 Cir. 1976, 538 F.2d 1201 [slip opinion dated September 20, 1976].[1]

About 10:00 p. m., May 11, 1974, a vehicle with two occupants stopped at the Falfurrias checkpoint. Officer Santana of the Border Patrol approached the car and questioned the occupants as to their citizenship. Both stated they were United States citizens. During the questioning, Officer Santana detected what appeared to be the odor of marijuana coming from inside the car. Shining his flashlight into the car's interior, the officer observed what appeared to be marijuana debris on the rear floorboard. He then asked the driver to pull off on the side of the road, which Kidd did.

When the trunk was opened, the smell of marijuana was much stronger, and two suitcases were found from which the odor seemed to emanate. Officer Santana asked Kidd to open the suitcases but was told that neither occupant knew the combination to the locks. Further visual inspection of the suitcases revealed that one was so tightly packed and bulging that a one-half inch crack was open on the side. Through this crack, Officer Santana observed what appeared to be bricks of marijuana wrapped in brown paper or plastic. A subsequent search disclosed approximately 58 pounds of marijuana. Both occupants[2] were arrested.

Both defendants filed motions to suppress, asserting that: (1) the Falfurrias checkpoint was not the "functional equivalent" of the border, and the resulting acts constituted an unconstitutional warrantless search without probable cause or consent;

---

1. See also *United States v. Cosimo Dimas*, 5 Cir. 1976, 537 F.2d 1301; *United States v. Howle*, 5 Cir. 1976, 537 F.2d 1302; and *United States v. Torres*, 5 Cir. 1976, 537 F.2d 1299.

2. The other defendant, Katherine Crippen Jannone, was found guilty and sentenced as a Young Adult Offender to five years probation with supervision and is not a party to this appeal.

and (2) if the stop was proper, there was no probable cause to initiate the search.

The odor of marijuana from the interior of appellant's vehicle and the plain view of the marijuana debris on the rear floorboard gave the Border Patrol agent probable cause to investigate further. *United States v. Dixon*, 525 F.2d 1201 (5th Cir. 1976); *United States v. Coffey*, 520 F.2d 1103, 1104 (5th Cir. 1975); *United States v. Cantu*, 504 F.2d 387, 389, 390 (5th Cir. 1974).

The case was cinched by the plain view of the marijuana through the cracks in the suitcase.

The Judgment of conviction is

AFFIRMED.