UNITED STATES of America, Plaintiff-Appellee,

v.

Pedro DIAZ, Defendant-Appellant.

No. 76–2741

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

Ramon Garcia, Edinburg, Tex. (Court appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Robert A. Berg, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

On January 29, 1975, at approximately 9:30 a. m., appellant stopped at the alien checkpoint approximately 8 miles below Falfurrias, Texas. The border patrol officer questioned the appellant and his wife as to their citizenship. During the course of this questioning the officer smelled the strong odor of marijuana emanating from the appellant's car. The officer thereupon had appellant open the trunk and there found several loosely wrapped packages containing a total of approximately 79 pounds of marijuana. The appellant was arrested and read the *Miranda*[1] warning by the patrol officer.

The district court stated two alternative grounds for not granting the motion to suppress. The first ground was that the Falfurrias checkpoint is the functional equivalent of the border. The second ground was that the stop for questioning was legal and the subsequent odor of marijuana provided the necessary probable cause to justify a search. This latter ground is conclusive on the facts and pretermits examination of the first ground.

The checkpoint at Falfurrias, Texas, is a permanent checkpoint under *United States v. Martinez-Fuerte [Sifuentes v. United States]*, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). *See United States v. Torres*, 5 Cir., 1976, 537 F.2d 1299; *United States v. Dimas*, 5 Cir., 1976, 537 F.2d 1301; *United States v. Howle*, 5 Cir., 1976, 537 F.2d 1302. Thus a stop for brief questioning is consistent with the Fourth Amendment. This Court said in *United States v. Kalie*, 5 Cir., 1976, 538 F.2d 1201:

> *United States v. Ortiz*, 1975, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623, holds that a search of a vehicle at a permanent check-

point must be based on probable cause. The probable cause requirement has been held retroactive by this Circuit in *United States v. Martinez*, 5 Cir., 1976, 526 F.2d 954, 955.

*Kalie, supra*, 538 F.2d at 1203.

Here, after the border patrol agent smelled the strong odor of marijuana, probable cause had been properly established. The marijuana was properly admitted into evidence.

The decision of the district court is affirmed.

AFFIRMED.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.