**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert BAZAN–MOLINA, Defendant-Appellant.**

**No. 76–2348**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Dec. 16, 1976.

Amador Garcia, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Anna E. Stool, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**194**

PER CURIAM:

Robert Bazan-Molina has appealed from his conviction in the Southern District of Texas for possession of 130 pounds of marijuana with intent to distribute. Finding his only contention to be without merit, we affirm.

While driving on United States Highway 281, the appellant was stopped at a permanent border patrol checkpoint located seven miles south of Falfurrias, Texas. The appellant's vehicle had all of the windows rolled up. When the appellant opened his door to respond to the border patrolman's questions concerning his citizenship status, the officer detected the odor of marijuana emanating from the vehicle. With suspicions aroused, the officer peered through the windows of the vehicle and noticed seeds and leaves resembling marijuana on the floor below the backseat of the car. A subsequent search yielded 130 pounds of marijuana in brick form.

■■■ Appellant contends that the stopping of his vehicle and the ensuing search violated his rights under the Fourth Amendment. This conclusion is unwarranted under the decisions of this court. We have consistently held that the border patrol checkpoint near Falfurrias, Texas is a permanent checkpoint. Stopping vehicles at such checkpoints to inquire into citizenship does not violate the Fourth Amendment. *United States v. Martinez-Fuerte,* —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Searching a vehicle at a permanent checkpoint is valid if, after stopping the vehicle, the border patrolman has probable cause to make the search. *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975). The officer's detection of the odor of marijuana coupled with his observation of marijuana debris in the backseat area furnished probable cause for the search. *United States v. Torres,* 537 F.2d 1299, 1300 (5th Cir. 1976).

JUDGMENT AFFIRMED.