UNITED STATES of America,
Plaintiff-Appellee,

v.

Joe Jarrell FAULKNER,
Defendant-Appellant.

No. 76–3090
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1977.

Frank Coffey, Fort Worth, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi,

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 5th Cir. 1970, 431 F.2d 409, Part I.

Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Joe Jarrell Faulkner appeals from his conviction for possession of 450 pounds of marijuana with intent to distribute, a violation of 21 U.S.C. § 841(a)(1). We affirm.

Appellant challenges the constitutionality of the search which disclosed the contraband and further contends the district court's charge to the jury was improper.

The testimony at trial established the following. At approximately 5:00 p. m. on February 8, 1975, defendant approached a border checkpoint seven miles south of Falfurrias, Texas, on United States Highway 281. He was driving a pickup truck with an attached camper. Defendant slowed down, waved, and then continued driving. Such behavior was known to John Douglas Edwards, the Border Patrol agent on duty, as a technique utilized by individuals transporting illegal aliens. Edwards ordered defendant to stop. As Edwards approached defendant's vehicle, he noticed an incongruity in its structure in that the inside ceiling of the camper was approximately one foot lower than the outside ceiling. Edwards was also aware that similarly constructed campers had, in the past, been used to carry contraband. As Edwards began to question defendant as to his citizenship, he noted defendant was considerably nervous and agitated. As a second Border Patrol Agent, Royce William Haygood, walked up to the cab, he noticed marijuana seeds on the floorboard of the truck. A subsequent search revealed 450 pounds of marijuana hidden in the inside ceiling of the camper.

■ The checkpoint at Falfurrias, Texas, is a permanent checkpoint within *United States v. Martinez-Fuerte [Sifuentes v. United States]*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), and stops for brief questioning as to citizenship are consistent with the Fourth Amendment. *See United States v. Diaz,* 541 F.2d 1165 (5th Cir. 1976); *United States v. Kidd,* 540 F.2d 210 (5th Cir. 1976); *United States v. Garza,* 539 F.2d 381 (5th Cir. 1976). A search at a permanent checkpoint is valid if, after stopping the vehicle, the Border Patrol agent finds probable cause to make the search. *United States v. Ortiz,* 422 U.S. 891, 95 S.Ct. 2585, 46 L.Ed.2d 623 (1975). The incongruity in the camper's structure and the Border Patrol agent's knowledge that this was a common means of transporting contraband, coupled with the initial attempt of defendant to drive through the checkpoint and his nervous and agitated behavior, furnished reasonable justification for referring defendant's vehicle to a secondary inspection point for further investigation. Discovery of marijuana seeds in plain view furnished sufficient probable cause to conduct a search of a vehicle. *See United States v. Kalie,* 538 F.2d 1201 (5th Cir. 1976); *United States v. Dixon,* 525 F.2d 1201 (5th Cir. 1976). Although the record shows that Officer Edwards "stepped *in* to the cab of the truck" to question defendant, there is no indication that such intrusion was intended to be a search or that such action, if taken, revealed anything other than answers and reactions which Edwards could have as readily observed from outside the vehicle. No communication from Edwards to the second Border Patrol officer, Haygood, occurred before Haygood saw the contraband as he approached defendant's vehicle. Thus, assuming an improper entry occurred, it had no relationship to Haygood's plain view discovery.

■ We reject defendant's contention that two passages in the district court's charge to the jury permitted the use of a standard for proof of guilt below the required "beyond a reasonable doubt." The instructions as a whole embodied a correct charge. *United States v. Garcia,* 531 F.2d 1303 (5th Cir. 1976); *United States v. Wells,* 506 F.2d 924 (5th Cir. 1975).

AFFIRMED.