UNITED STATES of America,
Plaintiff-Appellee,

v.

Roy Lee BLANFORD,
Defendant-Appellant.

No. 77–5312

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 16, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

Michael L. Morrow, Dallas, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough and John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY, and HILL, Circuit Judges.

PER CURIAM:

This is a border search case. We affirm.

On July 17, 1976, the defendant-appellant, Roy Lee Blanford, was driving north and approached a border traffic checkpoint seven miles south of Falfurias, Texas on U. S. Highway 281. He was stopped by a Border Patrol agent for routine questioning regarding his citizenship. While questioning Blanford, the agent detected a strong odor of marihuana emanating from the vehicle and Blanford's person. The agent asked Blanford to open the trunk of his automobile and he complied. When the trunk was opened, the agent discovered a suitcase which appeared to be the source of the odor of marihuana. Blanford was asked to open the suitcase and, when he complied, the contents revealed approximately twenty-five pounds of marihuana bricks wrapped in brown paper and plastic.

Blanford was charged in a one count indictment with possession of marihuana with intent to distribute it, in violation of Title 21, United States Code, Section 841(a)(1).

He was tried before the court and was found guilty after his motion to suppress was denied. He appeals from that judgment of conviction, alleging that the district court erred in refusing to suppress the marihuana evidence found in the trunk of his automobile.

The initial stop and subsequent search of Blanford's automobile did not contravene any of his constitutionally protected rights. It is well established law in this circuit that the Falfurias, Texas checkpoint, at which Blanford was stopped, is a permanent checkpoint. E. g., *United States v. Legeza*, 559 F.2d 441 (5th Cir. 1977); *United States v. Trevino*, 556 F.2d 1265 (5th Cir. 1977); *United States v. Garza*, 539 F.2d 381 (5th Cir. 1976); *United States v. Torres*, 537 F.2d 1299 (5th Cir. 1976); *United States v. Cantu*, 504 F.2d 387 (5th Cir. 1974). Routine stops for brief questioning concerning the citizenship of the occupants of a vehicle, which are performed at a permanent checkpoint, do not violate the Fourth Amendment. *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Bazan-Molina*, 544 F.2d 193 (5th Cir. 1976); *United States v. Howle*, 537 F.2d 1302 (5th Cir. 1976). It is also well established that a subsequent search of a vehicle stopped at a permanent checkpoint is justified if based upon probable cause. *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 46 L.Ed.2d 623 (1975); *United States v. Dimas*, 537 F.2d 1301 (5th Cir. 1976). Detecting the odor of marihuana during the citizenship inquiry provided the Border Patrol agent with sufficient probable cause to justify the search of the vehicle for contraband. E. g., *United States v. Bazan-Molina, supra; United States v. Vallejo*, 541 F.2d 1164 (5th Cir. 1976). Since we find no merit in Blanford's contention that the search was unconstitutional, the judgment of conviction is

AFFIRMED.