**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harrel Lloyd ROBINSON, Jr.,
Defendant-Appellant.**

No. 77–5509
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1978.

Rehearing and Rehearing En Banc
Denied March 16, 1978.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Jose A. Canales, U. S. Atty., James Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., John Patrick Smith, Asst. U. S. Atty., Brownsville, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Harrel Lloyd Robinson, Jr., was convicted of possession, with intent to distribute of approximately 235 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1). The contraband was discovered in the trunk of Robinson's vehicle following a search by an officer of the United States Border Patrol at the Border Patrol checkpoint located 7.8 miles northwest of LaGloria, Texas, on Highway 1017. This search was occasioned when, as the patrolman approached the vehicle to conduct a routine citizenship check, he detected a strong odor of marijuana emanating from it.

Robinson contends that the officer lacked probable cause to institute the search, and that, therefore, the district court erred in denying his motion to suppress the contraband from admission into evidence at trial. The argument is foreclosed by the recent decision in *United States v. Alvarez-Gonzalez*, 561 F.2d 620 (5th Cir. 1977), which held the LaGloria checkpoint is the functional equivalent of the border and that neither a warrant nor probable cause is required for routine searches conducted there of automobile trunks and other large spaces in which aliens may be concealed. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973).

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

■ But even were this not so, the La-Gloria checkpoint is a permanent one at which brief, routine stops for immigration checks are permitted. *United States v. Santibanez,* 517 F.2d 922 (5th Cir. 1975). The odor of marijuana perceived by the officer during this stop furnished probable cause for further investigation.

Accordingly, the conviction is

AFFIRMED.