## UNITED STATES of America, Plaintiff-Appellee,

v.

## Hector MAREZ, Defendant-Appellant.

### No. 77–5696
### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 8, 1978.

Abel Toscano, Jr., Harlingen, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

The appellant, Hector Marez, was charged in the court below with possessing approximately 1597 pounds of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1970). Following a bench trial appellant was convicted and sentenced to a four-year term of imprisonment and a special parole term of three years.

---

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Appellant's sole argument for reversal in this appeal is that the district court erred in overruling his motion to suppress the marijuana which was seized during a search of his vehicle at the border patrol checkpoint located seven miles south of Falfurrias, Texas. We reject his argument and affirm.

This court has repeatedly held the Falfurrias checkpoint to be a permanent one. *See United States v. Blanford*, 566 F.2d 470, 471 (5th Cir. 1978); *United States v. Faulkner*, 547 F.2d 870, 871 (5th Cir. 1977). Accordingly, it is permissible under the fourth amendment for the Border Patrol to make routine stops of vehicles in order to question their occupants about their citizenship, *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 3084–85, 49 L.Ed.2d 1116 (1976); and to search these vehicles when probable cause to do so arises. *Cf. United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975) (searches may not be made without probable cause). In the case before us, appellant's vehicle, a 1970 International Transtar with a refrigerator van in tow, was routinely stopped and the Border Patrol Officer commenced questioning appellant concerning his citizenship. Appellant appeared to the officer to be extremely nervous.

Since the refrigerator van could have been used to hide illegal aliens (and in the officer's experience such vehicles have been so employed), the officer asked appellant if he would open it. As the officer approached the back of the refrigerator van, he noticed, in plain view, marijuana debris on a ledge beneath the rear doors of the van; more debris and a strong odor of marijuana were disclosed when the doors were opened. At this point, the appellant grabbed a handful of the debris in an effort to hide it. A search of the van then uncovered about 1600 pounds of marijuana. On these facts, the Border Patrol Officer had probable cause to effectuate the search. Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.