IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-11524
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORY JERMAINE BEVERLY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-216-1-M
--------------------
July 26, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:[*]

Cory Jermaine Beverly (Beverly) appeals his conditional guilty plea conviction for possession with intent to distribute crack cocaine and carrying a firearm during and in relation to a drug trafficking crime. Beverly challenges the district court's denial of his motion to suppress evidence seized from the rental car he was driving. Specifically, Beverly argues that the officer's testimony that the pistol in the car was in plain view was not credible because it was physically impossible for the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer, who was standing beside the open driver's side window of the car, to have seen the handle of a pistol protruding from underneath the driver's seat in the area where his left foot was.

This court reviews a ruling on a motion to suppress based upon live testimony under the "clearly erroneous" standard for findings of fact and *de novo* for questions of law. United States v. Grosenheider, 200 F.3d 321, 326 (5th Cir. 2000). We will not disturb a district court's credibility determination unless the "testimony is so unbelievable on its face that it defies physical laws." United States v. Casteneda, 951 F.2d 44, 48 (5th Cir. 1992) (citing United States v. Lindell, 881 F.2d 1313, 1322 (5th Cir. 1989)) (internal quotation omitted).

The district court did not clearly err in finding the officer's testimony credible. The record indicates that the officer is a very tall man, that he was standing closely beside the open driver's side window of a car (not a sports-utility vehicle or truck), that the car was well illuminated, and that, when Beverly reached for the glove box, the officer could see, with his flashlight, the floorboard area around Beverly's left foot. Beverly offered no evidence at the suppression hearing to rebut this evidence. Accordingly, given the deference required by Lindell, there was no clear error. See Casteneda, 951 F.2d at 48; see also United States v. Lara, 517 F.2d 209, 211 (5th Cir. 1975).

AFFIRMED.