# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2025

Lyle W. Cayce
Clerk

————————

No. 24-40471
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Naveed Rasheed Shike,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CR-76-2

———————————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Naveed Rasheed Shike entered a conditional guilty plea to conspiring to possess with intent to distribute a synthetic cannabinoid mixture and substance containing a detectable amount of FUB-AMB, a Schedule I controlled substance analogue, knowing that the substance was intended for human consumption, in violation of 21 U.S.C. §§ 813, 841(a)(1), (b)(1)(C),

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40471

and 846. He reserved the right to appeal the district court's denial of his motion to suppress evidence gathered during the traffic stop that led to his conviction and to appeal the district court's denial of his motion to dismiss the indictment on the basis that it failed to allege a crime. He now raises those reserved claims on appeal.

When the entire record is viewed in the light most favorable to the prevailing party, *see United States v. Alvarez*, 40 F.4th 339, 344-45 (5th Cir. 2022), we conclude that the district court did not err in denying Shike's motion to suppress. Law enforcement's actions during the traffic stop did not prolong the stop beyond the time necessary to effectuate the purpose of the stop or the time necessary to investigate the later-discovered criminal activity of driving without a license. *See United States v. Brigham*, 382 F.3d 500, 507, 511 (5th Cir. 2004) (en banc); *see also United States v. Santiago*, 310 F.3d 336, 342 (5th Cir. 2002). Furthermore, the plain-view observance of marijuana remnants in the driver's seat was sufficient to give law enforcement probable cause to search the vehicle. *See United States v. Dixon*, 525 F.2d 1201, 1201 (5th Cir. 1976).

Second, Shike contends that the district court erred in denying his motion to dismiss the indictment on the basis that it failed to allege a crime. He does not challenge the district court's conclusion that FUB-AMB is an analogue to AB-FUBINACA, which is currently a Schedule I controlled substance. Rather, he argues that AB-FUBINACA was not a controlled substance during the period of his offense. The district court did not err in denying his motion to dismiss. *See United States v. Suarez*, 966 F.3d 376, 382 (5th Cir. 2020); *see* 21 C.F.R. § 1308.11(d)(53)(2025).

Accordingly, the judgment of the district court is AFFIRMED.