**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ramiro VALLEJO, Defendant-Appellant.**

No. 76–2415

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1976.

Ronald D. Zipp, Edinburg, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GODBOLD, DYER and HILL, Circuit Judges.

PER CURIAM:

Vallejo was convicted at a bench trial of one count of possession of marihuana with intent to distribute, in violation of 21 U.S.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

C.A. § 841(a)(1). Vallejo contends that the district court erred in denying his motion to suppress the evidence; and in refusing to allow an in-court experiment to test the arresting officer's ability to identify marihuana by smell.

Vallejo's vehicle was searched at the Sarita, Texas checkpoint. The Border Patrolman was entitled to stop the vehicle at this permanent checkpoint for brief questioning concerning citizenship of the occupants. Having smelled marihuana emanating from the car's interior the officer had probable cause to search it. *Sifuentes v. United States*, 5 Cir. 1975 (unpublished), affirmed *sub. nom., United States v. Martinez-Fuerte*, —— U.S. ——, 96 S.Ct. 3074, 49 L.Ed.2d 1116, (1976); *United States v. Kalie*, 5 Cir. 1976, 538 F.2d 1201; *United States v. Rojas*, 5 Cir. 1976, 538 F.2d 670.

At the trial, Vallejo's counsel proposed that some plastic baggies containing marihuana and four other substances be submitted to the arresting officer, to test his ability to differentiate the odor of marihuana. Vallejo contends that the trial court's refusal to allow him to conduct this in-court experiment constituted an abuse of discretion and violated his Sixth Amendment rights. We disagree. The conditions of the proposed experiment differed substantially from those which existed at the time of the principal event. *See United States v. Squella-Avendano*, 5 Cir. 1973, 478 F.2d 433, 439.

AFFIRMED.