UNITED STATES of America,
Plaintiff-Appellee,

v.

John Stewart McCRARY,
Defendant-Appellant.

No. 76–2316

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

Albert A. Pena, III (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

McCrary appeals from his conviction of possession of approximately forty pounds of marijuana with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1). We affirm.

On February 13, 1975, McCrary stopped his car at the permanent immigration checkpoint located seven miles south of Falfurrias, Texas. While conducting a routine citizenship inquiry, an officer of the Border Patrol detected the odor of marijuana emanating from the trunk of McCrary's car. The officer directed the car to the secondary inspection area and requested that McCrary open the trunk. When this was done the odor of marijuana became much stronger. The officer then asked McCrary to open a large steamer trunk which was inside of the trunk of the car. After McCrary refused, a second officer confirmed that the odor was marijuana, and together the officers pried open the steamer trunk. Inside they found approximately forty pounds of marijuana. McCrary challenges the constitutionality of the search on the ground that there was no probable cause.

In *Sifuentes v. United States*, 1976, 425 U.S. ——, ——, 96 S.Ct. 3074, 3086, 49 L.Ed.2d 1116, the Supreme Court held that ". . . stops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment * * *", and that a search thereafter was proper if based upon

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

consent or probable cause. The Falfurrias checkpoint is a permanent checkpoint within the parameters of *Sifuentes, supra. United States v. Torres*, 537 F.2d 1299 (5th Cir. 1976). Thus, the stop was constitutionally valid and the odor of marijuana emanating from the vehicle gave the officer probable cause to detain McCrary and conduct the search. *United States v. Garza*, 539 F.2d 381, 382 (5th Cir. 1976).

AFFIRMED.