**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Daniel ALDERETE, Jr.,**
**Defendant-Appellant.**

No. 76–2680
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

Abel Toscano, Jr., Harlingen, Tex., for defendant-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Daniel Alderete, Jr. appeals from his non-jury conviction of possession of eighty-one pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He complains that the stop and subsequent search of his truck at the Sarita, Texas checkpoint was in violation of his fourth amendment rights in that the search was not supported by either a warrant or probable cause. His contentions have no merit and the conviction is affirmed.

The stopping of Alderete's truck at a permanent Border Patrol checkpoint for routine questioning about the citizenship of the occupants was a lawful stop under the fourth amendment and no warrant was required. *United States v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Probable cause for a further detention and search of the truck was established when Border Patrol Agent Hipple detected the odor of marijuana while talking to the occupants of the truck. Furthermore, after the passenger in the middle failed to respond to questions, Agent Hipple asked that the truck's door be opened so he could better communicate with the silent passenger. When the door was opened the odor of marijuana became stronger and the agent observed marijuana sweepings on the floor of the cab. A subsequent search produced eighty-one pounds of the contraband material.

This court has held that the odor of marijuana emanating from a vehicle stopped at a Border Patrol checkpoint is sufficient to establish probable cause for the search of the vehicle. *United States v. Rojas*, 538 F.2d 670 (5th Cir. 1976). Even if there had been no odor the search here would be valid since the Sarita checkpoint has been determined to be the functional equivalent of the border, *United States v. Rodriguez*, 537 F.2d 120 (5th Cir. 1976), at which probable cause is not required for a search. *United States v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975); *United States v. Hart*, 506 F.2d 887 (5th Cir. 1975), *aff'd after remand*, 525 F.2d 1199 (5th Cir. 1976).

The judgment of conviction is AFFIRMED.