and not adjudicated. On the contrary, given advantages of economy and convenience and no unfairness to litigants, Gibbs contemplates adjudication of these claims.

 Here, with the possible exception of the claim for intentional infliction of emotional distress, the issues of state law are not particularly complex but rather spring from traditional tort actions. As a result, we need not be overly concerned with "procuring for [the parties] a surer-footed reading of applicable law." *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228. Neither do we foresee that the proof will be substantially devoted to the unique elements of the state tort actions, or that the issues or remedies involved in these actions will "substantially predominate" the litigation. In short, principles of judicial economy, convenience, and fairness to litigants dictate the assumption of jurisdiction over the state claims. See *Perry v. Jones,* 506 F.2d 778 (C.A.5, 1975); cf. *Knuth, supra,* at 427.

REVERSED and REMANDED.

G. Rudolph Garza, Jr., Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

.PER CURIAM:

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steve Alan DUNCAN, Defendant-Appellant.**

**No. 76–3574**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1977.

Steve Alan Duncan appeals from his conviction by a United States District Judge sitting without jury for possession of 388 pounds of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). We affirm the conviction.

Duncan was stopped by border patrol agents at a permanent checkpoint seven miles south of Falfurrias, Texas. When

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**904**

Duncan opened his car window several inches to answer an agent's questions, the agent detected the odor of marijuana. After informing Duncan of his rights the agent asked Duncan to open the trunk of his car; the marijuana was inside the trunk.

On appeal Duncan argues that to allow odor alone to provide probable cause "is to leave all motorists at the mercy of an officer's whimsical olfactory sense." This argument is without merit. Detection of the distinctive odor of marijuana is sufficient to establish probable cause, *United States v. Diaz*, 5 Cir., 1976, 541 F.2d 1165, 1166.

AFFIRMED.

Odie INGRAM et al., Plaintiffs-Appellees,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 76–1346.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1977.

Rehearing Denied April 7, 1977.

Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Rex E. Lee, Asst. Atty. Gen., Civ. Div., Dept. of Justice, Washington, D. C., Mark H. Gallant, U. S. Dept. of Justice, App. Section, Washington, D. C., William Kanter, Atty., Civ. Div., App. Section, Dept. of Justice, Washington, D. C., for defendant-appellant.

R. Michael Booker, Birmingham, Ala., for E. W. Williams.

Charles T. Clark, Birmingham, Ala., for H. Baskin and others.

Walter W. Furner, Bessemer, Ala., for F. Eatmon and others.

E. Gail Falk, Charleston, W. Va., for amicus.

Before GEWIN, MORGAN and FAY, Circuit Judges.