UNITED STATES of America,
Plaintiff-Appellee,

v.

Maria Hernandez LEAL,
Defendant-Appellant.

No. 76–1824

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1977.

Raul A. Gonzalez (Court-appointed), Brownsville, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Maria Hernandez Leal was convicted of possessing 292 pounds of marijuana with intent to distribute.[1] She argues that the search that produced the marijuana was unconstitutional, that the evidence was not sufficient to convict, and that the trial court erred in its charge to the jury. We reject all of these contentions and affirm the conviction.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. Cir. 1970, 431 F.2d 409, Part I.

1. 21 U.S.C. § 841.

The testimony at trial established the following. On the evening of May 13, 1974, defendant, driving a car, approached a border patrol checkpoint 16 miles south of Falfurrias, Texas, on U.S. Highway 281. The border patrol agent on duty noticed that the car was heavily loaded. When the car stopped, the agent made an inquiry into citizenship and he detected a strong odor of marijuana emanating from the car.

The agent then asked the defendant to pull to the side of the road and to open the trunk, where a suitcase containing marijuana was found. A complete search of the car led to the discovery of the 292 pounds of marijuana in question here.

The Falfurrias checkpoint is a permanent checkpoint. *E. g., United States v. Torres,* 537 F.2d 1299 (5th Cir. 1976). Stopping a vehicle at a permanent Border Patrol checkpoint to inquire into the occupant's citizenship does not offend the fourth amendment. *United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *Torres, supra.* The strong odor of marijuana gave the officer probable cause thereafter to search the vehicle. *Torres, supra,* 537 F.2d at 1300; *United States v. Coffey,* 520 F.2d 1103, 1104 (5th Cir. 1975). We find no merit, therefore, in appellant's contention that the search was unconstitutional.

During the charge to the jury, the court addressed the problem of determining the intent of the accused:

> [Y]ou may infer the defendant's intent from the surrounding circumstances. You may consider any statements made or acts done or omitted by the defendant and all other facts and circumstantial evidence which indicates [*sic*] state of mind.

Appellant urges that this portion of the charge "had the effect of negating the Court's instruction with regards to the privilege against self-incrimination . . .."

In reviewing a trial judge's instructions, we must evaluate the charge as a whole, without isolating statements that may appear prejudicial outside the context in which they were made. *United States v. Gomez-Rojas,* 507 F.2d 1213, 1223 (5th Cir. 1975). The district court's charge taken as a whole was complete and accurate. The court carefully explained to the jury the defendant's right to remain silent and, at the request of the government, reinstructed the jury about this right after the defendant objected to the quoted part of the charge.

We have examined the record in this case and reject the appellant's challenge to the sufficiency of the evidence.

AFFIRMED.