**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arnoldo Cantu GARZA,**
**Defendant-Appellant.**

**No. 76–3354**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 2, 1977.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

On February 15, 1976, appellant, driving a station wagon, was stopped by the U.S. Border Patrol at the checkpoint seven miles south of Falfurrias, Texas, on Highway 281. During an inquiry into the citizenship of the occupants of the vehicle, the border patrol-

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

man detected the odor of marijuana emanating from the station wagon. He then looked through the window into the rear portion of the vehicle and observed what appeared to be marijuana debris. A subsequent search of the vehicle uncovered approximately 50 one-kilogram "bricks" of marijuana. Appellant was arrested and released on bond the same day.

On April 15, 1976, fourteen months after arrest, appellant was indicted. He filed motions to suppress the seized marijuana and to dismiss the indictment shortly thereafter. The former motion was carried with the case and denied at trial; the latter motion, claiming denial of the right to speedy trial because of pre-indictment delay, was denied prior to trial without assigned reasons.

Appellant was tried and convicted June 18, 1976, and appeals on two grounds: (1) the arrest-to-indictment delay denied him his right to a speedy trial, and (2) the motion to suppress should have been granted. We affirm.

 Since appellant was arrested prior to July 1, 1976, the Speedy Trial Act of 1974 is inapplicable. 18 U.S.C. §§ 3161(b), 3163(a). Whether he was denied a speedy trial must be determined by the four-prong test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). First, the length of delay from arrest to indictment was 14 months; we have held a 22- month delay not to be, of itself alone, a reason for dismissal of an indictment. *U. S. v. Palmer*, 537 F.2d 1287 (CA5, 1976). Second, there is no explanation by the government for the delay, a "neutral" factor that may tend to favor the appellant. Third, appellant did not assert his right to speedy trial during the entire pre-indictment period. *U. S. v. Palmer, supra; U. S. v. Avalos*, 541 F.2d 1100 (CA5, 1976). Fourth, there is no showing of prejudice to the appellant. The appellant has not satisfied the *Barker* balancing test.

The district court's denial of the motion to suppress was correct. The checkpoint seven miles south of Falfurrias, Texas, is a permanent checkpoint. *U. S. v. Torres*, 537 F.2d 1299 (CA5, 1976). Stopping vehicles there to inquire into the occupants' citizenship does not offend the Fourth Amendment. *U. S. v. Martinez-Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Searching a vehicle at a permanent checkpoint is valid if, after stopping the vehicle, the border patrolman has probable cause to search. *U. S. v. Ortiz*, 422 U.S. 891, 95 S.Ct. 2585, 45 L.Ed.2d 623 (1975). The odor of marijuana, detected by the border patrolman, furnished probable cause for the search. *U. S. v. Torres, supra;* see *U. S. v. Bazan-Molina*, 544 F.2d 193 (CA5, 1976).

The judgment of conviction is AFFIRMED.