**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Paul GORTHY,**
**Defendant-Appellant.**

**No. 76–3538**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 15, 1977.

Rehearing Denied May 19, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al.,* 5 Cir., 1970, 413 F.2d 409, Part I.

Gerald A. Woolf, C. Anthony Friloux, Jr., Houston, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Robert A. Berg, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

CLARK, Circuit Judge:

John Paul Gorthy, defendant, appeals from a judgment of conviction under 21 U.S.C. § 841(a)(1) for possession of marijuana with intent to distribute and subsequent sentence entered September 1, 1976. We affirm.

■ Gorthy argues that the seizure of marijuana from his 1973 Dodge Huntsman Motor Home by Border Patrol Officer Gerusa at the Sarita checkpoint was without probable cause and violates his Fourth Amendments rights. As Gorthy was approaching and stopping his motor home at the Sarita checkpoint on November 19, 1974, Officer Gerusa saw Gorthy, who was driving, a female who was sitting on the vehicle's right front seat, and the silhouette of a third person in the rear of the vehicle. Gerusa stepped up to the open window on the passenger side and asked Gorthy and the female if they were United States citizens. After receiving affirmative answers, Gerusa asked permission to open the side door of the motor home in order to speak to the person in the rear of the motor home. Gorthy replied that it would be "alright to open the door." Upon opening the side door, Gerusa leaned into the motor home so that he could see and question the third person. In doing so, Gerusa testified that he detected a strong odor of marijuana from within the living quarters of the motor home. Gerusa stepped into the motor home, opened a nearby closet, and found several burlap bags of marijuana. All three persons were arrested, and a search of the entire vehicle revealed approximately 427 pounds of marijuana. The district court's finding, on the motion to suppress, that Gerusa detected the smell of marijuana when he opened the side door of the vehicle is not clearly erroneous and constitutes probable cause sufficient to support Gerusa's subsequent search.[1]

■ Gorthy also argues that the 17-month delay between his November 19, 1974 arrest and July 15, 1976 non-jury trial violates his statutory rights under the 1976 Speedy Trial Act, 18 U.S.C. § 3164, the Rule 50(b) Plan for the United States District Court for the Southern District of Texas, and Federal Rule Criminal Procedure 48(b) and his constitutional rights under the Sixth Amendment speedy trial clause.[2] After Gorthy's arrest, he was placed in the Neuces County Jail, and his bond was set at $10,000, with a 10% deposit. Gorthy deposited $1,000 with the United States District

---

1. E. g., *United States v. Garza*, 547 F.2d 1234 (5th Cir. 1977); *United States v. Leal*, 547 F.2d 1221 (5th Cir. 1977); *United States v. Mendoza*, 547 F.2d 962 (5th Cir. 1977); *United States v. Duncan*, 547 F.2d 903 (5th Cir. 1977); *United States v. Bazan-Molina*, 544 F.2d 193 (5th Cir. 1976); *United States v. McCrary*, 543 F.2d 554 (5th Cir. 1976); *United States v. Diaz*, 541 F.2d 1165 (5th Cir. 1976); *United States v. Vallejo*, 541 F.2d 1164 (5th Cir. 1976); *United States v. Kidd*, 540 F.2d 210 (5th Cir. 1976); *United States v. Garza*, 539 F.2d 381 (5th Cir. 1976); *United States v. Rojas*, 538 F.2d 670 (5th Cir. 1976); *United States v. Torres*, 537 F.2d 1299 (5th Cir. 1976); *United States v. Coffey*, 520 F.2d 1103 (5th Cir. 1975); *United States v. Cantu*, 504 F.2d 387 (5th Cir. 1974).

2. The district court's opinion notes that Gorthy's arrest took place on November 11, 1974. The docket sheet, entries in the record, such as the United States Grand Jury's Indictment, and Gorthy's Motion to Dismiss Indictment for Denial of a Speedy Trial, all note, however, that the arrest took place on November 18 or 19 of 1974. The disparity between dates does not affect this court's disposition of Gorthy's speedy trial arguments.

Clerk on November 20, 1974, was released on bond that same day, and permitted to return to his home in Key Largo, Florida, pending further disposition of his case. On October 16, 1975, Gorthy's attorney wrote a letter to the United States Magistrate informing him that, as Gorthy's attorney, he had contacted the United States District Attorney's office in charge of the case several times, that he had not been informed of the reasons for post-arrest delay, and that, if he did not hear from the United States District Attorney within 30 days, he would move to dismiss the complaint filed against Gorthy. Gorthy's attorney filed a motion to quash the complaint on January 16, 1976, which was set for submission under the district court's local rule 16 on January 26, 1976. A supplemental motion to quash the complaint was filed on March 9, 1976; it set forth the number of Corpus Christi Division grand juries which had convened and the number of indictments returned by them since the date of Gorthy's arrest, 17 months earlier.

A grand jury indicted Gorthy and William Shawn Bolton, the passenger in the rear of the motor home vehicle, for violating 21 U.S.C. § 841(a)(1), on March 26, 1976. They were arraigned on April 19, 1976; both pled not guilty, and docket call was set for May 10, 1976. Gorthy then moved to dismiss the indictment for denial of a speedy trial on May 6, 1976. At the docket call on May 10, 1976, Gorthy's attorney, who up to that time had represented both Gorthy and Bolton, advised the district court that a conflict of interest existed between the two defendants and that he was unable to represent Bolton. The district court appointed a public defender to represent Bolton and set the jury selection date for June 14, 1976. The jury was selected on that date. After a hearing on Gorthy's motion to dismiss the indictment on July 15, 1976, the motion was denied, and the case was called for trial. The public defender representing Bolton requested a delay, however, because Bolton was hospitalized and unable to proceed with the trial at that time. Gorthy waived a jury trial; the district court

severed his case and proceeded to hear it that same day.

Since Gorthy was arrested prior to July 1, 1975, the Speedy Trial Act of 1974 does not apply to his case. 18 U.S.C. §§ 3161(b), 3163(a)(1); *see United States v. Garza,* 547 F.2d 1234 (5th Cir. 1977). The initial Rule 50(b) Plan for the United States District Court for the Southern District of Texas became effective on September 29, 1975. Its specified time intervals did not cover the period between arrest and information or indictment. Thus Gorthy's rights under that plan did not arise until March 26, 1976, when he and Bolton were indicted. Gorthy was subsequently arraigned, tried, and sentenced within that plan's applicable time limits. *Id.* ¶¶ 2(a), (b), (c). The Southern District adopted an amended Speedy Trial Plan to comply with the requirements of 18 U.S.C. § 3165(c). This plan became effective July 1, 1976, a date prior to the commencement of Gorthy's trial. Gorthy is not entitled to relief under this amended plan because he was arraigned, tried, and sentenced within its applicable time provisions also. Speedy Trial Plan ¶¶ 4(a)(4), 5(a)(1), 7(a). Additionally, our disposition of Gorthy's Sixth Amendment claim renders it unnecessary for us to treat his argument that the district court erred in not exercising its authority under Federal Rule Criminal Procedure 48(b). *See United States v. Clendening,* 526 F.2d 842, 844 n. 2 (5th Cir. 1976); *United States v. Palmer,* 502 F.2d 1233, 1234 n. 3 (5th Cir. 1974), *rev'd and remanded on other grounds sub nom., United States v. Dillingham,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), *aff'd, United States v. Palmer,* 537 F.2d 1287 (5th Cir. 1976).

Gorthy's Sixth Amendment claim must be adjudged under the four-pronged test of *Barker v. Wingo,* 407 U.S. 514, 530–33, 92 S.Ct. 2182, 2192–93, 33 L.Ed.2d 101 (1972): "length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant." *See United States v. Avalos,* 541 F.2d 1100 (5th Cir. 1976). *See generally* Hansen & Reed, *The Speedy Trial Act of 1974 in Constitutional*

*Perspective,* 47 Miss.L.J. 365, 374–77 (1976). For the purposes of computing the length of the delay, *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975), requires us to begin with the date of Gorthy's arrest. *Accord, United States v. Garza,* 547 F.2d 1234 (5th Cir. 1977); *Fagan v. United States,* 545 F.2d 1005 (5th Cir. 1977). The length of delay between the date of Gorthy's arrest and his indictment is 17 months and between the date of arrest and his trial is 21 months. This court has found that a 22-month delay between arrest and indictment is insufficient in itself to require a dismissal of an indictment, *United States v. Palmer,* 537 F.2d 1287 (5th Cir. 1976); *followed, United States v. Garza,* 547 F.2d 1234 (5th Cir. 1977). A fortiori, the delay in Gorthy's case is insufficient standing alone to find a violation of Gorthy's Sixth Amendment right to a speedy trial.

Secondly, the government has proffered no explanation for the 17-month delay between arrest and indictment other than pointing to Gorthy's own statistics which show that 11 United States Grand Juries convened during this period and returned 172 indictments and arguing that these figures show that a crushing burden rested on the sole prosecutor in that division of the Southern District of Texas. These statistics are not sufficient to support the government's attempted justification. Standing alone they amount to little more than "a 'neutral' factor that may tend to favor" Gorthy. *United States v. Garza,* 547 F.2d 1234, 1235 (5th Cir. 1977). Nonetheless, Gorthy has neither alleged nor shown that this period of delay on the government's part was deliberate. *See United States v. Avalos,* 541 F.2d at 1111–12.

Thirdly, Gorthy presented no formal Sixth Amendment speedy trial motion to the district court until January 27, 1976, a total of 14 months from the date of his arrest. Moreover, 1 month of the 6-month period between the date of Gorthy's indictment and trial was attributable to the ac-tions of Gorthy's attorney in resolving his conflict of interest. These factors are not commensurate with the vigorous assertion of Gorthy's speedy trial right that is now pressed upon the Court. *United States v. Avalos,* 541 F.2d at 1115; *see United States v. Garza,* 547 F.2d 1234 (5th Cir. 1977).

Finally, in determining whether Gorthy was prejudiced as a result of the delay, we note at the outset that he has been incarcerated for only 2 days. His conclusory assertions of anxiety and concern experienced during this period are insufficient to amount to actual prejudice. More significantly, testimony at the hearing on the motion to quash the indictment showed no loss of witnesses or faulty memories or other impairment of Gorthy's ability to prepare his defense. *See United States v. Avalos,* 541 F.2d at 1115–17. In sum, Gorthy has not established a violation of his Sixth Amendment speedy trial right.

AFFIRMED.