UNITED STATES of America, Plaintiff-Appellee,

v.

Albert STRONG, Defendant-Appellant.

No. 76–1584.

United States Court of Appeals, Fifth Circuit.

May 13, 1977.

* Senior District Judge of the Western District of Louisiana, sitting by designation.

contends that the search violated the fourth amendment. We find that probable cause arose while the vehicle was properly stopped at that permanent checkpoint. Accordingly, we reject appellant's contention and affirm his conviction.

## I. Facts

Accompanied by his wife and three small children, Strong approached the Sarita checkpoint in a Lincoln Continental one morning in January 1975. Border Patrol Agent Gerusa noticed that the trunk of the car rode low as if heavily loaded. While he engaged the occupants in routine questioning regarding citizenship, Agent Gerusa observed that Strong and his wife were nervous. His suspicion somewhat aroused, the officer asked appellant if he would mind opening the trunk. Strong stated that his children had lost the trunk key in playing with the key ring. Gerusa looked to the ignition and determined that small children would in all probability have been unable to remove a key from such a ring.

Gerusa inquired further whether the car belonged to appellant. Strong replied that it did not. The officer then suggested that a button in the glove compartment would open the trunk. Strong stated that the button did not work.

A line of cars had stacked up at the checkpoint, so Gerusa asked appellant to pull his car into the secondary inspection lane. Instead Strong proceeded to drive approximately 100 yards past the designated area, at which time Gerusa shouted out to appellant, waving and pointing to the appropriate spot. Only then did Strong pull back. Gerusa testified that in his experience people who drive that far beyond the inspection point probably are carrying contraband.

After Strong brought the car back to the inspection point, Gerusa asked if he would try the glove compartment button. It did prove inoperative. Thereupon the agent announced he would search the car. Removal of the back seat disclosed a trunkload of marijuana.

Albert A. Pena, III, J. Manuel Banales, Corpus Christi, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., Anna E. Stool, Asst. U.S. Atty., George A. Kelt, Jr., Houston, Tex., Robert A. Berg, Asst. U.S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U.S. Atty., Houston Tex., for plaintiff-appellee.

Before GOLDBERG, SIMPSON and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

Albert Strong appeals from his conviction of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Border Patrol agents discovered the marijuana during a vehicle search at the Sarita, Texas checkpoint. Appellant

Strong maintains that probable cause was required for the search and that it was lacking. The district court determined that the Sarita checkpoint was functionally equivalent to the border, justifying the search regardless of any lack of probable cause. *See Almeida-Sanchez v. United States,* 413 U.S. 266, 272–73, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). Alternatively, the court determined that although the question was close, the totality of events and evidence before Agent Gerusa at the time of the search gave rise to probable cause. Accordingly, he admitted the marijuana into evidence.

As this court has done on every occasion in which it has dealt with a search at the Sarita checkpoint, we find it unnecessary to rest our decision on the question whether that checkpoint is the functional equivalent of the border. Rather, we agree with Judge Cox both that the probable cause question was close and that the totality of the circumstances tipped the balance in favor of a finding of probable cause. On that basis alone, we affirm the conviction.

II. Functional Equivalency

The district court took judicial notice of the location, justification, and other physical aspects of the Sarita checkpoint as that court had determined them in Criminal Action No. 72–C–62, *United States v. Jose Ascencion Garcia.*[1] The trial judge offered appellant every opportunity to supplement or contradict prior findings. The court found the Sarita checkpoint to be the functional equivalent of the border. We find it unnecessary to agree or disagree with this determination.

This court has never rested a decision validating a search at the Sarita checkpoint on a holding that the checkpoint is the border's functional equivalent. In a single sentence of a one-paragraph opinion, we noted without explanation the existence of ample evidence to support a district court finding to such effect. *See United States v. Rodriguez,* 537 F.2d 120 (5th Cir. 1976). In *Rodriguez,* however, the court also found supported the district court's alternative holding of probable cause to search.

With a single exception, this court has upheld subsequent Sarita searches solely on the presence of probable cause. *See United States v. Gorthy,* 550 F.2d 1051 (5th Cir. 1977); *United States v. Medina,* 543 F.2d 553 (5th Cir. 1976); *United States v. Presas,* 543 F.2d 552 (5th Cir. 1976); *United States v. Vallejo,* 541 F.2d 1164 (5th Cir. 1976); *United States v. Rojas,* 538 F.2d 670 (5th Cir. 1976). In each of these cases the court omitted mention of the functional equivalency language in *Rodriguez* which, if a square holding, would have obviated the need for the probable cause analysis the court undertook.

The single exception proves the rule. In *United States v. Alderete,* 546 F.2d 68, 69 (5th Cir. 1977), this court stated that "the Sarita checkpoint has been determined to be the functional equivalent of the border." The court, however, engaged in no analysis of its own; it simply cited *Rodriguez.* More importantly, the court in *Alderete* again employed an alternative finding of probable cause in order to uphold the search.[2]

Whatever the precise import of our prior cases, one observation emerges clearly. Where the Sarita checkpoint is concerned, this court has never engaged in the exacting analysis it has undertaken as to other sites in order to determine the presence of the factors requisite to a finding of functional equivalency. *See United States v.*

---

1. In *United States v. Alvarado,* 519 F.2d 1133, 1135 (5th Cir. 1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1107, 47 L.Ed.2d 315 (1976), this court approved the action of a district court, faced with determining the permanency of a Border Patrol checkpoint, in taking judicial notice of physical facts the court had adjudicated in a previous proceeding. *See also United States v. Kalie,* 538 F.2d 1201 (5th Cir. 1976).

2. Note that even since *Alderete,* this court has discussed and upheld a Sarita search on the basis of probable cause alone, omitting any mention of the functional equivalency question. *See United States v. Gorthy, supra.*

*Alvarez-Gonzalez,* 542 F.2d 226 (5th Cir. 1976); *United States v. Hart,* 506 F.2d 887 (5th Cir.), *vacated and remanded,* 422 U.S. 1053, 95 S.Ct. 2674, 45 L.Ed.2d 706 (1975), *reaffirmed,* 525 F.2d 1199 (5th Cir. 1976). In the absence of such a determination, we follow the approach taken in prior cases and look to the probable cause question for disposition of this appeal.

III. Probable Cause

■ The Sarita checkpoint at which appellant was stopped and subsequently searched is indisputedly a fixed and permanent checkpoint at which routine vehicle stops for brief citizenship questioning are permissible without probable cause or reasonable suspicion. *See United States v. Martinez-Fuerte,* 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Vallejo, supra; United States v. Rojas, supra.* If probable cause to search arises during such questioning, an officer may search the vehicle without a warrant. *See United States v. Martinez-Fuerte, supra.*

■ As Judge Cox noted below, the question whether the circumstances in the case at bar gave Agent Gerusa reasonable grounds to believe that appellant's car contained contraband is a close one. We agree, however, that reasonable grounds for such a belief, that is, probable cause to search, did emerge from the total constellation of facts before the officer.

First, Gerusa noted that Strong's car was riding low as it approached the checkpoint and that appellant and his wife appeared nervous as the officer began questioning them about their citizenship. A low riding vehicle plus some nervousness in the face of a police-citizen encounter do not alone give rise to probable cause. *See United States v. Olivares,* 496 F.2d 657 (5th Cir. 1974). Only upon the manifestation of several other factors did probable cause arise in this case.

Strong offered an explanation for the missing trunk key that the officer, based on observation of the key ring and the age of appellant's children, reasonably determined to be incredible. Gerusa testified that in his nine years with the Border Patrol he had witnessed many occasions on which the driver of a car carrying contraband claimed to have lost the trunk key. Similarly, the experienced officer testified that persons carrying contraband frequently denied ownership of the car, as did Strong. Moreover, Gerusa suggested that the trunk size of Strong's Lincoln Continental would have facilitated smuggling illegal aliens. On previous occasions, the agent had discovered as many as six persons in trunks of comparable size.

Finally, the evasive driving behavior of appellant when asked to park supplies an important component of probable cause in the case at bar. He drove one hundred yards past the designated area, turning back only when Agent Gerusa waved and shouted at him.

Appellant's actions behind the wheel recall *United States v. Dimas,* 537 F.2d 1301 (5th Cir. 1976). There a car pulled a horse trailer through a Border Patrol checkpoint at 60 miles per hour. The car stopped a hundred yards later upon the pursuit of a patrol car with lights flashing. The court concluded that traveling through the well-marked checkpoint, in coincidence with the hay-strewn horse trailer, a common technique in the area for concealment of aliens, gave rise to probable cause to search.

Strong's driving past the secondary inspection lane was unquestionably less unequivocal than the attempt to run the checkpoint in *Dimas.* Agent Gerusa, however, also witnessed factors not present in *Dimas,* such as the improbable story regarding the trunk key. *See also United States v. Medina, supra.*

In ascertaining the presence of probable cause, such factors as some nervousness on the part of a citizen in a confrontation with a law enforcement officer, a vehicle's low rear end, a large trunk, or even a car not one's own, taken alone, provide little basis for suspicion of criminal activity. When those factors are all present, however, and accompanied by other factors much less likely to occur innocently, such as a highly

improbable story regarding a missing trunk key and evasive driving suggesting some intent to attempt escape, it may fairly be said that an agent of Officer Gerusa's experience may conclude that probable cause exists to conduct a vehicle search at a permanent Border Patrol checkpoint. Because the totality of circumstances in the Sarita checkpoint stop before us gave rise to probable cause, appellant's conviction is AFFIRMED.