**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ruben Ubin GARZA, Defendant-Appellant.**

**No. 77–5025**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 20, 1977.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, George A. Kelt, Jr., Michael J. Brown, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

The United States District Court, sitting without a jury, convicted Ruben Ubin Garza for possession of 142 pounds of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1), and he appeals. We affirm the judgment below.

Appellant was stopped by a border patrol agent at the permanent checkpoint seven miles south of Falfurrias, Texas. As the agent was questioning appellant and his family to determine their citizenship, the agent detected a strong odor of marijuana emanating from their vehicle. A subsequent search of the vehicle revealed the marijuana hidden in its luggage compartment, whereupon appellant and his wife were arrested. After being fully advised of his rights, appellant stated to another officer that he was to have been paid for transporting the marijuana to Dallas; and that his wife was innocent.

Appellant contends that the district court erred in denying his motion to suppress the

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

evidence. On facts indistinguishable from those in this case, we have recently upheld several other searches and seizures. *E. g., United States v. Duncan,* 5 Cir. 1977, 547 F.2d 903 [decided February 25, 1977]; *United States v. McCrary,* 5 Cir. 1976, 543 F.2d 554; *United States v. Diaz,* 5 Cir. 1976, 541 F.2d 1165.

██ Appellant also has appealed the district court's denial of his motion to dismiss the indictment, based on 14 months' preindictment delay. On virtually the same facts and allegations, we recently ruled adversely on the appeal of another defendant who also was named Garza. *United States v. Garza,* 5 Cir. 1977, 547 F.2d 1234 is almost a dead ringer on both points.

AFFIRMED.