UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Domingo VALE,
Defendant-Appellant.

No. 77–5046

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 13, 1977.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., Mary L. Sinderson, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

Vale was stopped by a border patrol agent at a permanent checkpoint south of Falfurrias, Texas. While questioning the appellant as to citizenship, the agent detected an odor of marijuana and air freshener emanating from the vehicle. A subsequent search of the trunk revealed kilo bricks of marijuana weighing in at 265 pounds. A jury convicted Vale of violating 21 U.S.C.A. § 841(a)(1). On this appeal he contends that the district court erred in denying his motion to suppress the evidence and in exhibiting hostility toward him, impairing the presentation of his defense. Finding no merit in either of these contentions, we affirm the conviction.

■ On facts indistinguishable from those in the present case we have consistently held that the odor of marijuana emanating from a vehicle at permanent checkpoints such as that at Falfurrias gives the officer probable cause to search the vehicle. *United States v. Garza*, 5 Cir., 1977, 554 F.2d 257, 257–258; *United States v. Garza*, 5 Cir., 1977, 547 F.2d 1234; *United States v. Torres*, 5 Cir., 1976, 537 F.2d 1299; *United States v. Leal*, 5 Cir., 1977, 547 F.2d 1222. Vale's motion to suppress was, therefore, properly denied.

■ Appellant's contention that he was denied a fair trial when the trial judge

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

exhibited hostility toward the defense is refuted by the record. Viewed as a whole the record reveals that the trial judge exhibited neutrality in his language and in the conduct of the trial before the jury. See *United States v. Candelaria-Gonzalez*, 5 Cir., 1977, 547 F.2d 291, 297. It is not improper for the trial judge to exclude irrelevant testimony as was done here. *United States v. Markham*, 5 Cir., 1976, 537 F.2d 187, 196, *cert. denied*, 1977, 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752. Vale's testimony concerning his annual income was beyond the scope of the Government's rebuttal evidence dealing with Vale's alleged offer to aid the federal agents in apprehending the intended recipient of the marijuana. Nor was it an abuse of discretion for the trial judge to control the scope and extent of direct and cross-examination to avoid the admission of impermissible hearsay evidence. See *id.*; *United States v. James*, 5 Cir., 1975, 510 F.2d 546, 551.

AFFIRMED.