**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Taylor NICHOLS,**
**Defendant-Appellant.**

**No. 77-5108**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1977.

Paul G. Kratzig, Corpus Christi, Tex., for defendant-appellant.

James R. Gough, U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, CLARK and HILL, Circuit Judges.

PER CURIAM:

Donald Taylor Nichols, appellant, appeals from a judgment of conviction under 21 U.S.C. § 841(a)(1) for possession of mari-

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

huana with intent to distribute. Nichols argues that the search and seizure, which uncovered marihuana, was without probable cause and violated his Fourth Amendment rights. We disagree and affirm.

Appellant was stopped after he approached the Sarita checkpoint from the south. The pickup truck which the appellant was driving had a large box located in the bed immediately behind the cab of the truck, in the forward portion of the truck bed. Agent Gerusa approached the appellant, asked his citizenship and questioned the defendant on the box contents. Agent Gerusa testified that he asked about the contents of the box because he noticed that appellant was "somewhat nervous" and it appeared to him that the box was large enough to hold illegally entering aliens. The appellant stated that the box was for gasoline. Because closer inspection revealed no filler neck and because there was an additional seam in the structure of the box which appeared to be a separate compartment, Agent Gerusa asked if he could open the box and look inside. Appellant agreed to this request. Agent Gerusa opened the box lid and discovered a filler neck for gasoline in the top of the metal box. He then asked whether appellant minded if he looked inside the tank. Agent Gerusa unscrewed the cap, looked inside, but could not see anything. He then inserted a wire into the tank which seemed to stop at the place indicated by the seam in the box. Concluding that there was an additional compartment in the box, he turned the box over and found a trap door held on by screws. Removing the screws he found one hundred and twenty-one pounds of marihuana.

 Whether an agent has probable cause to search a vehicle initially stopped at a fixed checkpoint is determined by the totality of circumstances. *United States v. Strong*, 552 F.2d 138 (5 Cir. 1977). Agent Gerusa relied in the present case upon the defendant's nervousness and upon the outward appearance of the box/gas tank, which seemed to him large enough to hold illegal aliens, and was additionally of a type that in his experience had been used to transport marihuana. (Transcript at 60). Although the appellant's initial response when asked about the box contents was not inherently incredible, Agent Gerusa was entitled to walk back of the truck and observe the box squarely to corroborate that statement. When he did so he noted two things. First that there was no filler neck for the purported gas tank and, second, that an additional seam in the structure indicated a separate compartment in the box/tank. Appellant consented to Agent Gerusa's opening the tank and additionally allowed him to look inside the tank after the agent had specifically requested permission to do so. The crux of appellant's complaint is that having found a filler neck inside the box, which corroborated appellant's contention that gasoline was inside the box, Agent Gerusa should have stopped without further examination. This ignores the salient fact that prior to the opening of the box/tank Agent Gerusa had observed the seam in the structure which was in plain view. *United States v. Nunn*, 525 F.2d 958 (5 Cir. 1976). Thus the appellant's nervousness, the agent's past experience, the box size and its outwardly apparent characteristics combined to give probable cause to investigate the box. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Moreover appellant consented to the initial entry into the box and to the agent's attempt to look inside the filler neck. *Schneckloth v. Bustamante*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1972). Nothing said by the appellant would have indicated to the agent that permission to explore the box had been withdrawn. Under the circumstances presented by the record, Agent Gerusa had both probable cause and the appellant's consent to search the box.

AFFIRMED.